**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **JAMES J. HUDNALL, SR.,** | : |
|     **Plaintiff,** | : |
| **vs.** | :     **CIVIL ACTION 04-0289-WS-D** |
| **DR. ALYEKA, et al.,** | : |
|     **Defendants.** | : |

**REPORT AND RECOMMENDATION**

Plaintiff, James J. Hudnall, Sr., an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. (See Doc. 1) This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the undersigned on plaintiff's "Motion to Dismiss " filed on November 22, 2005. (Doc. 49) For the reasons stated herein below, it is the recommendation of the undersigned that plaintiff's motion to dismiss be granted and that plaintiff's complaint be dismissed with prejudice.

I.    PROCEDURAL BACKGROUND

Plaintiff filed the instant complaint on or about May 3, 2004 along with a Motion to Proceed Without Prepayment of Fees. (Docs. 1, 2) Plaintiff alleges claims against defendants Dr. Alyeka, Donal Campbell, Grantt Culliver and Charlene Gandy for denial of medical treatment while he was housed at Holman Correctional Facility. (Doc. 1)

On September 20, 2005 defendant Charlene Gandy filed a special report and answer. (Docs. 39, 40) On November 7, 2005 defendants Culliver and Campbell filed a special report.

1

(Doc. 47)  However, to date, these two defendants have not yet filed an answer to the complaint. In addition, the docket sheet reflects that the remaining defendant, Dr. Alyeka, has not yet been served.  [1]

## II.     DISCUSSION

Plaintiff now seeks dismissal of his complaint on the grounds that he is "to have his parole review in May 2006 and in turn is focusing all his time, monies and resources in this area and direction to regain his freedom and is unable to maintain this civil action."  In addition plaintiff states that he "has been transferred from the Holman Correctional Facility to which the civil rights violations occured, [sic] and to the St. Clair Correctional Facility hence the plaintiff is no longer incarcerated at Holman Prison to be subjected to any further denials of medical care hence this motion."  (Doc. 49 at 1-2 )

> Rule 41 of the Federal Rules of Civil procedure, provides, in pertinent part:
>
> (1)  [A]n action may be dismissed by the plaintiff without order of court (I) by filing a notice of dismissal *at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs,* or (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. ...
>
> 2) Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. ...

Fed. R. Civ. P. 41(a) (emphasis added).  In the present case, defendant Gandy has filed both an answer and a special report and defendants Culliver and Campbell have filed a special report.

---

[1] By order dated October 21, 2005 plaintiff was directed to provide the court, on or before November 23, 2005 a current address for Dr. Alyeka so the court could again attempt service.  (Doc. 44)   On October 31, 2005, plaintiff moved the court for an extension of time until December 23, 2005 in which to provide Dr. Alyeka's address.  The motion was granted on November 3, 2005.  (Docs. 45, 46)

(See Docs. 39, 40, 47).  Thus, plaintiff's motion to dismiss falls under the province of Rule 41(a)(2) of the Federal Rules of Civil Procedure.  Upon consideration, it is the recommendation of the undersigned that plaintiff's motion to dismiss the complaint be granted.

III.     CONCLUSION

Based on the foregoing, it is the recommendation of the undersigned that plaintiff's motion to dismiss be **GRANTED** and that plaintiff's complaint be **DISMISSED with prejudice.**

The attached sheet contains important information regarding objections to the Report and Recommendation.

**DONE** and **ORDERED** this 5th day of December 2005.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES MAGISTRATE JUDGE**

## MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.      **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides, in part, that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

>       A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      **Opposing party's response to the objection.**  Any opposing party may submit a brief opposing the objection within ten (10) days of being served with a copy of the statement of objection.  Fed. R. Civ. P. 72; SD ALA LR 72.4(b).

3.      **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

                                             **KRISTI K. DuBOSE**
                                             **UNITED STATES MAGISTRATE JUDGE**

4